**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM MALDONADO ROSADO,** | : | **CIVIL ACTION NO. 1:26-CV-2196** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **JASEN BOHINSKI,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, William Maldonado Rosado, challenges a 2019 conviction and 2020 sentence for various drug-related offenses in the Lebanon County Court of Common Pleas. The petition will be dismissed with prejudice as untimely.

## I. Factual Background & Procedural History

In 2019, Rosado was convicted of possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and providing false identification to law enforcement and was sentenced to an aggregate prison sentence of 5–10 years. (Doc. 1). Rosado appealed, but the Pennsylvania Superior Court affirmed the conviction and sentence in 2022. Id. at 2.

After filing numerous unsuccessful challenges to his conviction and sentence pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), Rosado filed a PCRA petition on September 16, 2024, asserting that a key witness against him, Vivian Hummel, had lied on the stand when she had testified that she had not received any promises for a more lenient sentence with respect to her own criminal

charges in exchange for testifying against Rosado. (See Commonwealth v. Rosado, No. CP-38-CR-698-2019, slip op. at *6 (Mar. 17, 2026) (filed as exhibit in this case at Doc. 1-1).

After conducting multiple evidentiary hearings on the claim, the court of common pleas denied the PCRA petition on March 17, 2026, finding that it was untimely and that it failed on its merits. (Id.) With respect to timeliness, the court found that the petition was untimely because, despite Rosado purportedly receiving an affidavit from Hummel prior to her death in 2024, the record showed that Rosado "was well aware that an issue about Vivian Hummel's credibility existed at least as of 2021." (Id. at 12). The court specifically cited to a letter Rosado authored in 2021 in which he stated that he had "discovered that the Commonwealth witness Vivian Rose Hummel lyed [sic] under oath and Vivian Rose Hummel was offered lenecy [sic] on her criminal charges if she testified for the Commonwealth." (Id. at 13). Two other documents authored by Rosado in 2021 similarly indicated his belief that Hummel had lied under oath about whether she had been promised a more lenient sentence in exchange for her testimony. (Id.) Following the denial of his PCRA petition, Rosado filed an appeal to the Pennsylvania Superior Court, but that court quashed the appeal on March 17, 2026. (Doc. 1 at 3).

Rosado filed the instant case on July 24, 2026, and the court received and docketed his petition on August 3, 2026. (Doc. 1). The petition advances the same claim based on Hummel's purported lie about whether she had received a promise from the Commonwealth in exchange for her testimony. (Id.)

On August 26, 2026, the court issued an order requiring Rosado to show cause, on or before September 25, 2026, why the case should not be dismissed as untimely. (Doc. 9). Rosado responded on September 9, 2026, arguing that the petition should be deemed timely because he did not obtain a transcript of Hummel's criminal case until 2025. (Doc. 15). He additionally filed a "motion to amend show cause," which adds additional facts to his argument regarding his failure to obtain the relevant transcript until 2025. (Doc. 16). The timeliness issue is now ripe for the court's review. Rosado has additionally filed a motion for discovery and a motion for leave to amend his petition to include additional exhibits. (Docs. 13–14).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. Courts may *sua sponte* dismiss petitions as untimely pursuant to Rule 4 if they give the petitioner notice and an opportunity to respond on the timeliness issue prior to doing so. United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005).

## III. Discussion

Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

In this case, because Rosado's claim is based on purportedly new information that he learned about Hummel's testimony, the limitations period began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The court of common pleas determined that Rosado was aware of the purported issues with Hummel's credibility no later than May 8, 2021. (Doc. 1-1 at 12).

Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, this court must presume that the trial court is correct

that Rosado was aware of Hummel's credibility issues no later than May 8, 2021, unless he can rebut that fact by clear and convincing evidence.

Rosado plainly fails to rebut the court of common pleas' factual finding. He has not presented any evidence, let alone clear and convincing evidence, to show that he was not aware of Hummel's credibility issues in 2021. To the contrary, he repeatedly acknowledges that he tried to obtain the relevant transcript from Hummel's criminal case in 2021 after he learned about her possible agreement with the Commonwealth. (See Docs. 15–16).[1] Rosado argues that his petition should be deemed timely because he did not actually obtain the transcript until 2025, but under Section 2244(d)(1)(D), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not on the date when the petitioner has finished obtaining all evidence relevant to the claim. Because the court of common pleas determined that Rosado was aware of the factual predicate of his claim on May 8, 2021, this court must defer to that finding and treat that date as the date on which the limitations period for his federal petition began.

---

[1] Rosado filed his response to the court's show-cause order in an initial response and a motion to amend the response. The court will grant the motion to amend the response to the extent it is intended to add additional facts to Rosado's response to the timeliness issue. The court, however, has considered both documents to ensure that it gives a liberal construction to Rosado's filings in light of his status as a pro se litigant.

Rosado therefore needed to file his federal habeas petition within one year of May 8, 2021, or no later than May 8, 2022, for it to be timely. Because he did not file it until July 24, 2026, it is facially untimely by more than four years.

There is no basis for statutory or equitable tolling of the limitations period. To begin with, although Rosado filed his claim in a PCRA petition, that petition does not toll the limitations period for his federal petition because it was dismissed as untimely by the state courts and therefore is not a "properly filed" petition that can toll the limitations period under Section 2244(d)(2). Pace, 544 U.S. at 417. As for equitable tolling, the court must defer to the state court's ruling that Rosado was aware of the factual basis of his claim in 2021. Although he states that he did not obtain a relevant transcript until 2025, it does not appear that there was any factor preventing Rosado from filing his federal habeas petition as soon as he learned about the factual predicate in 2021. Finally, Rosado has not advanced any argument that he is actually innocent of the criminal charges he faced. Accordingly, because Rosado's petition is untimely by over four years and there is no basis to toll or excuse the limitations period, the petition will be dismissed as untimely.

## IV. Conclusion

The petition for writ of habeas corpus is dismissed with prejudice as untimely. Petitioner's motions will be denied as moot. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this

procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 16, 2026